# MANDATE

*NHCT*
*01-cv-1110*
*DORSEY*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## CORRECTED SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 7th day of September, two thousand and four.

PRESENT:      HON. DENNIS JACOBS,
              HON. ROSEMARY S. POOLER,
              HON. SONIA SOTOMAYOR,
                     Circuit Judges.

- - - - - - - - - - - - - - - - - - X
ARMANDO CASUCCI,

        Plaintiff-Appellant,

        -v.-                                    02-7861

JOSEPH FAUGHNAN, CHARLES PATRICK
HYNES, and WILLIAM CHAPMAN,

        Defendants-Appellees.

- - - - - - - - - - - - - - - - - - X

APPEARING FOR
PLAINTIFF-APPELLANT:      NORMAN PATTIS, Williams &
                          Pattis, LLC, New Haven, CT
                          (John R. Williams on the
                          brief).

ISSUED AS MANDATE:      SEP 2 9 2004

*UNITED STATES COURT OF APPEALS FILED SEP 7 2004 SECOND CIRCUIT*

**APPEARING FOR**
**DEFENDANTS-APPELLEES:**          JOHN J. RADSHAW, III, Howd &
                                   Ludorf, Hartford, CT (Thomas
                                   R. Gerarde, on the brief)

Appeal from the United States District Court for the
District of Connecticut (Dorsey, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED AND DECREED** that the judgment of the district
court be **AFFIRMED.**

Plaintiff-Appellant Armando Casucci appeals from a
final order, entered in the United States District Court
for the District of Connecticut (Dorsey, J.) on July 8,
2002, granting summary judgment dismissing Casucci's
action under 42 U.S.C. § 1983 against Defendants-
Appellees Joseph Faughnan, Charles Patrick Hynes, and
William Chapman—all of them former supervisors and
coworkers of Casucci in the Police Department of the Town
of Clinton, Connecticut.

In 1989 Casucci filed a claim under 42 U.S.C. § 1983
alleging that while Casucci was on his shift, Hynes had
grabbed him in a headlock, had dragged him to another
room and had thrown him against a wall—apparently in a
violent act of workplace roughhousing.  The suit was
settled before trial and closed in 1990.  Beginning in
1999, having left the employment of the Clinton Police
Department, Casucci used Defendants as employment
references.  Defendants warned Casucci's potential
employers that he was an employee who, <u>inter alia</u>, "likes
to sue everybody" and is "divisive amongst the rank and
file."  Casucci brought suit under 42 U.S.C. § 1983,
alleging that these negative references constituted
retaliation for Casucci's 1989 lawsuit against Hynes and
thus infringed upon Casucci's free-speech rights under
the First Amendment.  The district court granted summary
judgment in Defendants' favor on July 2, 2002.

"A [government employee] pursuing a claim for First
Amendment retaliation must demonstrate that (1) his
speech addressed a matter of public concern, (2) he
suffered an adverse employment action, and (3) a causal
connection existed between the speech and the adverse
employment action, so that it can be said that his speech

was a motivating factor in the determination." <u>Cobb v. Pozzi</u>, 363 F.3d 89, 102 (2d Cir. 2003).  A lawsuit or petition by a government employee can therefore only give rise to a First Amendment retaliation claim if the subject of the lawsuit or petition touches upon a public concern.  <u>See</u> <u>id</u> at 105-06; <u>White Plains Towing Corp. v. Patterson</u>, 991 F.2d 1049, 1059 (2d Cir. 1993).  "Whether an employee's speech addresses a matter of public concern is a question of law to be determined in light of the content, form, and context of a given statement, as revealed by the whole record." <u>Luck v. Mazzone</u>, 52 F.3d 475, 476 (2d Cir. 1995) (per curiam) (internal quotation marks and citations omitted).

    In relevant part, the district court ruled that the substance of Casucci's 1989 lawsuit concerning a battery inflicted by one employee against another did not implicate a matter of "public concern" and therefore was not protected speech under the First Amendment.  On appeal Casucci argues that his 1989 lawsuit touched a matter of public concern because he had alleged "abusive police behavior" and that the "very filing of that suit itself . . . was a separate exercise of an undisputed First Amendment Right."  Appellant's Brief at 12-13.  To support these arguments, he asserts that (i) he "prevailed" in his initial § 1983 claim (ii) the misconduct alleged in his initial § 1983 claim was "strikingly similar" to other, successful claims that non-employee plaintiffs have brought against other police departments under § 1983.

    These assertions, even if true, would be irrelevant. The question is not whether Casucci's claim against Hynes in 1989 had merit, but whether the gravamen of that suit --a battery claim based on an apparently purely personal altercation--implicated a "public concern" and was therefore protected speech.  Aside from characterizing Hynes' alleged conduct as "abusive police behavior," Casucci does not attempt to claim that his initial § 1983 suit alleged any corrupt or unconstitutional policies, procedures, or abuses in the Clinton Police Department; nor does he allege that his 1989 suit implicated *any* other plausible topic of public concern.  His claim of

First Amendment retaliation must fail, therefore, as a matter of law.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

*Lucille Carr*

Lucille Carr, Deputy Clerk

A TRUE COPY
Roseann B. Mackechnie, CLERK
by *Angela Martin*
DEPUTY CLERK

4

# /UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

ARMANDO C. CASUCCI

v.

JOSEPH FAUGHNAN, CHARLES HYNES
and WILLIAM CHAPMAN

NO.: 02-7861

SEPTEMBER 16, 2004

### BILL OF COSTS

Counsel for the defendants-appellees, JOSEPH FAUGHNAN, CHARLES

HYNES, and WILLIAM CHAPMAN, respectfully submits, pursuant to Fed.R.A.P. 39(c

the within bill of costs and reuses the Clerk to prepare an itemized statement of costs

taex against the plaintiff-appellant, ARMANDO. C. CASUCCI, and in favor of the

defendants-appellees, JOSEPH FAUGHNAN, CHARLES HYNES, and WILLIAM

CHAPMAN for insertion into the mandate.

Costs of printing brief (necessary copies - 25)       $166.72

JOHN J. RADSHAW, III

STATE OF CONNECTICUT       )
                           )       ss:       Hartford
COUNTY OF HARTFORD         )

Before me, the undersigned officer, personally appeared JOHN J. RADSHAW,
III, known to me or satisfactorily proven, who subscribed and swore to the truth of the
forgoing matters on this 15th day of September 2004.

Elvira C. Blackman
Notary Public
My Commission Expires:  10/31/07

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 16th day of September 2004.

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Kenneth J. McDonnell, Esquire
Gould, Larson, Bennet, Wells
  & McDonnell, P.C.
35 Plains Road
P.O. Box 959
Essex, CT  06426

_____
John J. Radshaw, III

2

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the _7th_ day of _September_ two thousand and four.

PRESENT:    HON. DENNIS JACOBS,
            HON. ROSEMARY S. POOLER,
            HON. SONIA SOTOMAYOR,
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - -X
ARMANDO CASUCCI,

            Plaintiff-Appellant,

        -v.-

JOSEPH FAUGHNAN, CHARLES PATRICK HYNES, and WILLIAM CHAPMAN,

            Defendants-Appellees.

- - - - - - - - - - - - - - - - - -X

APPEARING FOR
PLAINTIFF-APPELLANT:    NORMAN PATTIS, Williams & Pattis, LLC, New Haven, CT (John R. Williams on the brief).

APPEARING FOR
DEFENDANTS-APPELLEES:                JOHN J. RADSHAW, III, Howd &
                                     Ludorf, Hartford, CT (Thomas
                                     R. Gerarde, on the brief)

    Appeal from the United States District Court for the
District of Connecticut (Dorsey, _J._).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,
ADJUDGED AND DECREED** that the judgment of the district
court be **AFFIRMED.**

    Plaintiff-Appellant Armando Casucci appeals from a
final order, entered in the United States District Court
for the District of Connecticut (Dorsey, _J._) on July 8,
2002, granting summary judgment dismissing Casucci's
action under 42 U.S.C. § 1983 against Defendants-
Appellees Joseph Faughnan, Charles Patrick Hynes, and
William Chapman--all of them former supervisors and
coworkers of Casucci in the Police Department of the Town
of Clinton, Connecticut.

    In 1989 Casucci filed a claim under 42 U.S.C. § 1983
alleging that while Casucci was on his shift, Hynes had
grabbed him in a headlock, had dragged him to another
room and had thrown him against a wall--apparently in a
violent act of workplace roughhousing.  The suit was
settled before trial and closed in 1990.  Beginning in
1999, having left the employment of the Clinton Police
Department, Casucci used Defendants as employment
references.  Defendants warned Casucci's potential
employers that he was an employee who, _inter alia_, "likes
to sue everybody" and is "divisive amongst the rank and
file."  Casucci brought suit under 42 U.S.C. § 1983,
alleging that these negative references constituted
retaliation for Casucci's 1989 lawsuit against Hynes and
thus infringed upon Casucci's free-speech rights under
the First Amendment.  The district court granted summary
judgment in Defendants' favor on July 2, 2002.

    "A [government employee] pursuing a claim for First
Amendment retaliation must demonstrate that (1) his
speech addressed a matter of public concern, (2) he
suffered an adverse employment action, and (3) a causal
connection existed between the speech and the adverse
employment action, so that it can be said that his speech

was a motivating factor in the determination." <u>Cobb v.
Pozzi</u>, 363 F.3d 89, 102 (2d Cir. 2003). A lawsuit or
petition by a government employee can therefore only give
rise to a First Amendment retaliation claim if the
subject of the lawsuit or petition touches upon a public
concern. <u>See</u> <u>id</u> at 105-06; <u>White Plains Towing Corp. v.
Patterson</u>, 991 F.2d 1049, 1059 (2d Cir. 1993). "Whether
an employee's speech addresses a matter of public concern
is a question of law to be determined in light of the
content, form, and context of a given statement, as
revealed by the whole record." <u>Luck v. Mazzone</u>, 52 F.3d
475, 476 (2d Cir. 1995) (per curiam) (internal quotation
marks and citations omitted).

In relevant part, the district court ruled that the
substance of Casucci's 1989 lawsuit concerning a battery
inflicted by one employee against another did not
implicate a matter of "public concern" and therefore was
not protected speech under the First Amendment. On
appeal Casucci argues that his 1989 lawsuit touched a
matter of public concern because he had alleged "abusive
police behavior" and that the "very filing of that suit
itself . . . was a separate exercise of an undisputed
First Amendment Right." Appellant's Brief at 12-13. To
support these arguments, he asserts that (i) he
"prevailed" in his initial § 1983 claim (ii) the
misconduct alleged in his initial § 1983 claim was
"strikingly similar" to other, successful claims that
non-employee plaintiffs have brought against other police
departments under § 1983.

These assertions, even if true, would be irrelevant.
The question is not whether Casucci's claim against Hynes
in 1989 had merit, but whether the gravamen of that suit
--a battery claim based on an apparently purely personal
altercation--implicated a "public concern" and was
therefore protected speech. Aside from characterizing
Hynes' alleged conduct as "abusive police behavior,"
Casucci does not attempt to claim that his initial § 1983
suit alleged any corrupt or unconstitutional policies,
procedures, or abuses in the Clinton Police Department;
nor does he allege that his 1989 suit implicated *any*
other plausible topic of public concern. His claim of

First Amendment retaliation must fail, therefore, as a matter of law.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK
By:

Lucille Carr, Deputy Clerk

–4